**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK JULIVER NAPITUPULU, | No. 09-71032 |
| Petitioner, | Agency No. A098-453-363 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 26, 2013
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and LEMELLE, District
Judge.[**]

Frank Juliver Napitupulu, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District
Court for the Eastern District of Louisiana, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a)(1).  We review factual determinations for substantial evidence, *Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir.  2012), and we deny the petition for review.

To demonstrate eligibility for asylum on the basis of past persecution, an applicant must establish that the persecution was "committed by the government or forces the government is either unable or unwilling to control."  *Navas v. I.N.S.*, 217 F.3d 646, 655-56 (9th Cir. 2000).

Napitupulu recounted harm he suffered because he is a Seventh Day Adventist Christian.  Each incident involved private actors.  He reported only one incident to school authorities, he did not attempt to prosecute any incident, and he otherwise did not avail himself of the protection of the police.  Napitupulu stated that reporting to the police would be futile and that bribes were often required, but did not give additional evidence beyond his own perceptions in his testimony.  The record does not show what the Indonesian police would have done upon specific reporting of the problems.  The IJ and BIA appropriately consulted country reports in the record that did not indicate that the religious and ethnic conflict in Indonesia was due to forces the government was unwilling or unable to control.  Substantial evidence supports the BIA's conclusion that Napitupulu did not show that the

Indonesian government was unable or unwilling to protect him upon a proper complaint.

To demonstrate eligibility for asylum on the basis of a well-founded fear of future persecution, an applicant must show that such fear is subjectively genuine and objectively reasonable. *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). The objectively reasonable prong requires "credible, direct, and specific evidence" that petitioner faces "an individualized risk of persecution or that there is a pattern or practice of persecution against similarly situated individuals." *Id.* (citations omitted).

While we have observed "evidence of widespread anti-Chinese and anti-Christian *discrimination* that affects a very large number of individuals" in Indonesia, and that "it is clear that a certain portion of those individuals suffer treatment that rises to the level of persecution," such discrimination and persecution "does not establish that the situation in Indonesia is similar to the patterns or practices of persecution described in our prior case law." *Wakkary v. Holder*, 558 F.3d 1049, 1061 (9th Cir. 2009); *see Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010) (concluding that Christian Indonesians are a disfavored group, but stating that "a petitioner's membership in a disfavored group is not sufficient by itself to meet her ultimate burden of proof; some evidence of

individualized risk is necessary for the petitioner to succeed.") (internal quotation marks and citation omitted). We have required that petitioners support "pattern or practice" allegations with evidence that the "government is unable or unwilling to control those actors." *Lolong*, 484 F.3d at 1180.

Substantial evidence supports the BIA's conclusion that Napitupulu did not establish an objectively reasonable fear where the record did not show that Napitupulu faced any specific, individualized risk of harm, or that the government was unwilling or unable to protect Christians in Indonesia. *See id.* at 1178-80.

Because the record evidence is not "so compelling that no reasonable factfinder" could find that Napitupulu had not established eligibility for asylum, substantial evidence supports the BIA's dismissal of Napitupulu's appeal. *See Ali v. Ashcroft*, 394 F.3d 780, 784 (9th Cir. 2005). As such, Napitupulu did not meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Substantial evidence supports the denial of CAT protection because Napitupulu did not show that it is more likely than not he will be tortured by or with the consent or acquiescence of the Indonesian government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**